UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JANICE F. WELLS,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

        v.                              05CV460E

                                              **Report**
                                                  **and**

JANICE BARNHART, Commissioner of        **Recommendation**
Social Security,

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 6 (Commissioner), 8 (plaintiff)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff, Janice F. Wells ("Wells" or "plaintiff"), filed an application for disability insurance benefits on January 13, 2003. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated November 19, 2004, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision

became the final decision of the Commissioner on May 6, 2005, when the Appeals Council

denied plaintiff's request for review.

Plaintiff commenced this action on June 17, 2005 (Docket No. 1). The parties moved for

judgment on the pleadings (Docket Nos. 6, 8). The motions were on submitted on papers on

March 17, 2006 (see Docket No. 12).

## FACTUAL BACKGROUND[1]

Plaintiff alleges disability from October 27, 2002, due to heart disease, hypertension,

hypothyroidism, degenerative bone disease, and depression (R. 62). Plaintiff is 6 foot tall and

weighed 262 pounds (see Docket No. 7, Def. Memo. of Law at 7). Plaintiff last worked in 2002

as a medical billing clerk (see R. 219).

## MEDICAL AND VOCATIONAL EVIDENCE

ALJ John H. Fraze found that plaintiff was not disabled from her alleged onset date of

October 27, 2002, through the date of the administrative hearing, November 19, 2004. First, the

ALJ found that there was no evidence of plaintiff's depression which imposed more than slight

limitations on her ability to work for at least twelve months (Docket No. 1, Compl., Ex., ALJ

Decision, at 2 of 9, 3 of 9; R. 14, 15). The ALJ noted that plaintiff had counseling with Jewish

Family Services from June 2002 until after her heart attack and the agency terminated her

counseling in March 2003. Meanwhile, plaintiff returned to work until she had a heart attack.

(R. 14.) The ALJ found that plaintiff had mild restrictions on her daily activities due to her

mental condition (R. 15). She had no psychiatric treatment when she was evaluated by

---

[1] References noted as "(R.___)" are to the certified record of the administrative
proceedings.

Dr. Pierson in April 2003.  Plaintiff resumed counseling in March 2004 and Dr. Leeland Jones

noted in July 2004 that her depression became severe.  (Id.)

 Plaintiff's medical ailments, post myocardial infarction, diagnosed with coronary artery

disease, hypertension, sleep apnea, hypothyroidism/Grave's disease, degenerative disc disease,

and degenerative joint disease, considered collectively are severe, but do not constitute an

impairment or combination of impairments under the Social Security regulations (id. ALJ

Decision at 8 of 9; R. 20).  Plaintiff testified that she has a problem concentrating, due to her

medication (R. 19).

 The ALJ found that plaintiff has a residual functional capacity to lift 20 pounds

occasionally and 10 pounds frequently, the ability to stand or walk for 2 hours, sit for 6 hours,

and occasionally stoop or crouch.  He found that plaintiff could not climb, balance, kneel, crawl,

push/pull with lower extremities, and that she should avoid temperature extremes, odors, wet or

humid environs, and poor ventilation.  The ALJ found that plaintiff still could do her past

relevant work as a collections clerk, data entry operator, or medical billing clerk/supply stocker.

(Docket No. 1, Compl., Ex., ALJ Decision at 6 of 9, 8 of 9; R. 18, 20; see R 74.)  Given

plaintiff's daily household activities (watching television, reading magazines, keeping a journal,

some cooking), the ALJ found that plaintiff's complaints were not fully credible, despite plaintiff

claiming that she took one hour daytime naps (id. ALJ Decision at 7 of 9; R. 19).

## DISCUSSION

 The only issue to be determined by this Court is whether the ALJ's decision that the

plaintiff was not under a disability is supported by substantial evidence.  See 42 U.S.C. § 405(g);

Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "'more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting

<u>Consolidated  Edison Co. v. National Labor Relations Bd.</u>, 305 U.S. 197, 229 (1938)).

I.      Standard

        For purposes of both Social Security Insurance and disability insurance benefits, a person

is disabled when she is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than

12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

        Such a disability will be found to exist only if an individual's "physical or mental

impairment or impairments are of such severity that [she] is not only unable to do [her] previous

work but cannot, considering [her] age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy . . . ."  42 U.S.C.

§§ 423(d)(2)(A) & 1382c(a)(3)(B).

        The plaintiff bears the initial burden of showing that her impairment prevents her from

returning to her previous type of employment.  <u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir.

1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the

existence of alternative  substantial gainful work which exists in the national economy and which

the plaintiff could perform."  <u>Id.</u>; <u>see also</u> <u>Dumas v. Schweiker</u>, 712 F.2d 1545, 1551 (2d Cir.

1983); <u>Parker v. Harris</u>, 626 F.2d 225, 231 (2d Cir. 1980).

        In order to determine whether the plaintiff is suffering from a disability, the ALJ must

employ a five-step inquiry:

4

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work she has done in the past.  20 C.F.R. §§ 404.1520(e) & 416.920(e).  When the plaintiff's impairment is a mental one, special "care must be taken to obtain a  precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work."  See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).  The ALJ must then determine the

individual's ability to return to her past relevant work given her residual functional capacity.

Washington, supra, 37 F.3d at 1442.

II.     Application

In the instant case, plaintiff contends that the ALJ's finding that her mental condition was not a severe impairment was not supported by substantial evidence and the finding that she could perform light work also was not supported by substantial evidence (Docket No. 8, Pl. Memo. of Law at fourth-seventh, eighth-ninth unnumbered pages).

A.     Mental Impairment

Plaintiff contends that she suffers from depression, impulse control disorder, anger management problems for which she is taking prescription medication (Docket No. 8, Pl. Memo. at fourth unnumbered page; R. 351, 414-15, 422-23).  She points to medical record corroboration of her subjective complaints, for example the findings of depression by Dr. Charles Pierson, Ph.D. (R 219-22; Docket No. 8, Pl. Memo. at fourth unnumbered page).  Dr. George Burnett's report (R. 233-40) noted that plaintiff had moderate restrictions on her ability to maintain concentration, persistence or pace, especially for extended periods of time, moderately limited in her ability to complete a work day or work week without psychologically based symptoms, and moderately limited in her ability to carry out detailed instructions (Docket No. 8, Pl. Memo. at fifth unnumbered page).  Plaintiff faults the ALJ for not considering all relevant medical evidence and for the ALJ using his lay opinion to contradict the medical findings of Dr. Pierson, see Gallivan v. Apfel, 88 F. Supp. 2d 92, 96 (W.D.N.Y. 2000)(Larimer, Ch. J.).  (Docket No. 8, Pl. Memo. at sixth unnumbered page.)  Plaintiff concludes that all the medical experts found that she was moderately impaired in mental functioning, thus severely impaired.  Further, she

contends that the ALJ erred in failing to recognize this or to view her other ailments to see their cumulative effect of her impairments to determine if she has severe impairments (id. at seventh unnumbered page).  Dr. Leeland Jones who examined plaintiff in July 2004 noted that plaintiff's impairment lasted or would last for twelve months, while the ALJ did not acknowledge in finding that there was no evidence of plaintiff's impairment lasting for at least twelve months (R. 15).  (Docket No. 8, Pl. Memo. at seventh unnumbered page.)  Plaintiff alleges that she was suffering from depression from October 2002.  She sought counseling at Jewish Family Services of Buffalo and Erie County on June 13, 2002, and stopped treatment when her counselor left that agency (R. 14, 219).

The Commissioner argues that the record shows that plaintiff had a severe mental impairment in July 2004, when she began treatment with Dr. Jones, and substantial evidence supports the finding that she was not severely impaired prior to July 2004 (Docket No. 11, Def. Reply Memo. of Law at 2; R. 15).  Plaintiff bears the burden of establishing that her mental impairment was sufficiently severe to be deemed a disability, see Draegert v. Barnhart, 311 F.3d 468, 472 (2d Cir. 2002).  The Commissioner claims that plaintiff misreads Dr. Jones' findings (R. 324), while Dr. Jones found that plaintiff had or would continue to have an impairment for twelve months, he did not note the severity of that impairment (Docket No. 11, Def. Reply Memo. at 2-5).  Drs. Pierson and Burnett noted aspects of plaintiff's abilities that did not show a severe impairment that rendered her limited in performing basic work activities, such as her ability to follow instructions, use of judgment, and her ability to perform simple tasks with supervision (id.; R. 221), see 20 C.F.R. §§ 404.1521, 416.921.  Her impairments derived more

from her physical ailments (see R. 14-15) and no one has concluded that her physical and mental ailments combined rendered her disabled.

Both parties review Dr. Jones' entries in a psychiatric evaluation form regarding plaintiff's mental condition. That form required explanation for ratings of fair or poor in factors that support the doctor's assessment; the only comment Dr. Jones wrote was that plaintiff's "short term memory lapses under pressure" (R. 325), apparently in response to fair or poor evaluations of her ability to carry out instructions, maintaining attention and concentration, performing within a schedule, working near others without being distracted, completing a normal workday or workweek, or performing at a consistent pace.

Following review of the medical record submitted to the ALJ, plaintiff fails to prove that her mental impairment was sufficiently severe to be deemed a disability. Her inability to work and the restrictions noted by medical professional in this record stem from her physical ailments rather than her depression.

B.      Ability to Return to Past Relevant Work or Perform Light or Sedentary Work

Plaintiff also has the burden of showing that she is not capable of performing her past relevant work due to her claimed disabilities. Draegert, supra, 311 F.3d at 472. Plaintiff's past relevant work was as a medical billing clerk, collections clerk, and data entry operator (R. 19), which the Commissioner defines as sedentary work (Docket No. 11, Def. Reply Memo. of Law at 6 n.2, citing U.S. Dep't of Labor, Dictionary of Occupational Titles §§ 203.582.054, 214.382-014, 214.482-010, 214.362-042 (4th ed. rev. 1991)).

Plaintiff argues that the ALJ's finding was based solely on her cardiologist's conclusion (see R. 327-28) who did not consider the cumulative effects of her other ailments (Docket No. 8,

Pl. Memo. at eighth unnumbered page).  The ALJ apparently disregarded the assessment by

Dr. Blum, the non-examining medical expert, who opined on plaintiff's ailments that she could

perform sedentary work but with restrictions upon how long she could stand (R. 307) that

plaintiff concludes renders his opinion that she can in fact perform less than sedentary work

(Docket No. 8, Pl. Memo. at eighth unnumbered page).  There was no residual functional

capacity obtained from plaintiff's primary care physician (id.)

The Commissioner replies that the issue is not whether plaintiff can perform light work,

but whether she can perform her past relevant work as a collections clerk, data entry clerk, or

medical billing clerk/supply stocker, which the Commissioner notes are all sedentary work

(Docket No. 11, Def. Reply Memo. at 6).  Compare 20 C.F.R. § 404.1567(a) (sedentary work

defined for disability claim, person able to lift 10 pounds, among other criteria) with id.

§ 404.1567(b) (light work defined for disability claim, person able to lift 20 pounds at a time and

frequently able to lift 10 pounds, among other criteria).  Plaintiff claimed during the ALJ's

hearing that she could not stand in her past jobs for long periods (R. 408).  The Commissioner

argues that the exertional requirements of her past jobs did not require her to stand for prolonged

periods (Docket No. 7, Def. Memo. of Law at 24; R. 76, 77 (plaintiff stating that she stood for a

half hour a work day in her prior jobs)).  The physicians who evaluated plaintiff all found that

she could either perform her past relevant work (R. 348, Dr. Emily Liu, plaintiff's

endocrinologist) or could perform sedentary work (R. 217, Dr. Steven Dina, R. 307, Dr. Ronald

Blum, R. 327-28, Dr. Joseph Zizzi, cardiologist) including data entry or billing clerk work

(Docket No. 11, Def. Reply Memo. at 6 & n.2).

As plaintiff notes, the ALJ did not obtain plaintiff's general physician's assessment of her residual functional capacity, and he violated his affirmative duty to fully develop the record. Gold v. Secretary, supra, 463 F.2d at 43 (Docket No. 8, Pl. Memo. at eighth unnumbered page). Plaintiff should have been afforded the opportunity to present her physician's evaluation of her condition. Therefore, this case should be remanded to allow for plaintiff to add this to the record and allow the ALJ to reevaluate her in light of this additional evidence.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **DENIED** and this matter be **REMANDED** for further administrative proceedings as described above. Defendant Commissioner's motion for judgment on the pleadings (Docket No. 6) should be **denied** and plaintiff's motion for similar relief in her favor (Docket No. 8) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>  Thomas**

v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995);

Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

_/s/ Hugh B. Scott_
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 29, 2006

11